**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ROBERT DENTON, *as Personal*
*Representative of the Estate of*
LINDA L. DENTON,

               Plaintiff,

vs.                         CASE NO. 3:09-CV-10036-RBD-JBT

R.J. REYNOLDS TOBACCO
COMPANY and PHILIP MORRIS
USA INC.,

               Defendants.
_____

**COURT'S INSTRUCTIONS**
**TO THE JURY**

## INSTRUCTION NO. 1

Members of the jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.  When I have finished you will go to the jury room and begin your discussions -- what we call your deliberations.

## INSTRUCTION NO. 2

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that corporations are involved as parties must not affect your decision in any way.  A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits I have admitted in the record -- but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any

3

fact in dispute.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls.

## INSTRUCTION NO. 3

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and the ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other witnesses or other evidence?

## INSTRUCTION NO. 4

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.   So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or only an unimportant detail.

## **INSTRUCTION NO. 5**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because a witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

### INSTRUCTION NO. 6

The plaintiff in this case is Robert Denton, as personal representative of the Estate of Linda Denton. The defendants in this case are Philip Morris USA Inc. and R.J. Reynolds Tobacco Company. The plaintiff claims that his wife, Mrs. Denton, was addicted to cigarettes containing nicotine and that smoking cigarettes as a result of such addiction was a substantial contributing factor to causing her death from lung cancer. The plaintiff also claims that the defendants engaged in wrongful conduct which was a legal cause of Mrs. Denton's death. Robert Denton admits, however, that Mrs. Denton was partially at fault for her own death that allegedly resulted from lung cancer caused by smoking cigarettes.

Plaintiff asserts four different causes of action. They are strict liability, negligence, fraudulent concealment, and civil conspiracy to fraudulently conceal. The elements of each claim will be explained to you later. Plaintiff seeks to recover all damages available under Florida's Wrongful Death Act. Plaintiff also seeks to recover punitive damages. The defendants deny that plaintiff is entitled to recover any damages from them for Mrs. Denton's death. Specifically, defendants maintain that plaintiff has not met his burden of

proving: (A) that Mrs. Denton was addicted to cigarettes containing nicotine and (B) if so, that such addiction was a legal cause of her death.

Finally, defendants contend that even if Mrs. Denton was addicted to cigarettes containing nicotine and died from lung cancer that was caused by an addiction to cigarettes manufactured by defendants, plaintiff cannot prove that defendants engaged in any wrongful conduct that was a legal cause of Mrs. Denton's lung cancer and death.

As I previously told you, this case arises from an earlier class action lawsuit that was filed on behalf of a group of Florida smokers against the defendants in this case as well as other cigarette manufacturers. All of these companies are referred to as the *Engle* Defendants. In 2006 the courts determined that the prior lawsuit should not proceed further as a class action, instead the courts ruled that persons claiming to be members of the former class could file individual lawsuits and that those persons who proved they, or the smokers for whom they are asserting claims, qualify as class members, would be entitled to the benefit of certain factual findings established in the prior lawsuit. In order to be a member of the *Engle* class, Mr. Denton must prove that Mrs. Denton was addicted to cigarettes containing nicotine; and that cigarette smoking because of such addiction was a legal cause of her

lung cancer and death.  Defendants contend that Mrs. Denton was not a member of the *Engle* class because she was not addicted to cigarettes containing nicotine, and even if she was addicted, such addiction did not legally cause her death.

In your deliberations in Phase I you must determine if Mrs. Denton was a member of the *Engle* class; if Mr. Denton has proved the various causes of action; the percentage of fault of each party; the amount, if any, of compensatory damages; and whether or not the plaintiff is entitled to punitive damages.  If you find entitlement to punitive damages, then you will consider in Phase II the amount of punitive damages, if any.

## INSTRUCTION NO. 7

The parties have stipulated or agreed on certain facts that will require

no further proof and must be accepted by you as having been established.

These facts are as follows:

1.  Linda Denton was born on May 11, 1950.  She was a resident of Florida for purposes of *Engle* class membership.

2.  Linda Denton married Robert Denton on February 25, 1967.  They remained married until Linda's death on January 14, 1997.  Their son, Cory Denton, was age 18 when Mrs. Denton died.  Their son, Robert Jr., was age 22 when Mrs. Denton died.

3.  Linda Denton had lung cancer, specifically small cell carcinoma of the lung.  Mrs. Denton's lung cancer was first diagnosed on May 31, 1996.

4.  Linda Denton's lung cancer was the medical cause of her death.

5.  During the relevant time periods, Philip Morris manufactured Benson & Hedges, Marlboro, Virginia Slims, Merit, Basic, and Cambridge cigarettes.

6.  Benson & Hedges, Marlboro, Virginia Slims, Merit, Basic, and Cambridge cigarettes contained nicotine.

## <u>INSTRUCTION NO. 8</u>

R.J. Reynolds Tobacco Company is the successor to Brown & Williamson Tobacco Corporation's United States cigarette business, and Brown & Williamson Tobacco Corporation was the successor by merger to the American Tobacco Company.  Accordingly, R.J. Reynolds Tobacco Company is legally responsible for the conduct of both the American Tobacco Company and Brown & Williamson Tobacco Corporation and for any harm caused by cigarettes manufactured by American Tobacco Company and Brown & Williamson Tobacco Corporation.

## INSTRUCTION NO. 9

In this case it is the responsibility of the plaintiff to prove every essential part of each of his claims by a "preponderance of the evidence" (except for his punitive damages claim which has a different standard of proof that I will discuss later).  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of any of the plaintiff's claims against a defendant by a preponderance of the evidence, you should find for the defendant as to that claim.

**INSTRUCTION NO. 10**

The first issue for your determination in this phase of the trial is whether Mrs. Denton was a member of the *Engle* class.  To prove Mrs. Denton was a member of the *Engle* class, Plaintiff must prove by a preponderance of the evidence that Mrs. Denton was addicted to cigarettes containing nicotine; and that her addiction was a legal cause of her lung cancer and death.  If a preponderance of the evidence does not support plaintiff's claim that Mrs. Denton was a member of the *Engle* class, your verdict should be for the defendants.  If a preponderance of the evidence does support plaintiff's claim that Mrs. Denton was a member of the *Engle* class, your verdict on this issue should be for the plaintiff.

I instruct you that the following facts are not in dispute:  (1) cigarettes containing nicotine are addictive; (2) defendants' cigarettes contain nicotine; and (3) smoking cigarettes causes certain types of lung cancer and other diseases.

However, the fact that cigarettes containing nicotine are addictive does not mean a particular individual was addicted to cigarettes containing nicotine.

Addiction is a legal cause of death if it directly and in natural and continuous sequence produces or contributes substantially to producing such

death, so it can reasonably be said that, but for the addiction, the death would not have occurred.   In order to be regarded as a legal cause of death, addiction need not be the only cause.   Addiction may be a legal cause of death even though it operates in combination with the act of another, some natural cause, or some other cause, if the addiction contributes substantially to producing such death.

## INSTRUCTION NO. 11

As I stated previously, if you find that Mrs. Denton was an *Engle* class member, you must apply certain findings made by the *Engle* court and they must carry the same weight they would have if you had determined them yourselves.  These findings are:

1.      Smoking cigarettes causes lung cancer and other diseases.

2.      That nicotine in cigarettes is addictive.

3.      That the *Engle* Defendants, including R.J. Reynolds Tobacco Company and Philip Morris USA, Inc., herein referred to as the *Engle* Defendants, placed cigarettes on the market that were defective and unreasonably dangerous.

4.      That the *Engle* Defendants concealed or omitted material information, not otherwise known or available, knowing that the material was false or misleading, or failed to disclose a material fact concerning the health effects or addictive nature of smoking cigarettes, or both.

5.      That the *Engle* Defendants agreed to conceal or omit information regarding the health effects of cigarettes or their addictive nature with the intention that smokers in the public would rely on this

information to their detriment.

6.      That all of the *Engle* Defendants were negligent.

In the event these findings apply to Plaintiff's claims in this case, your consideration and use of the findings will be subject to certain additional limitations.

First, the prior lawsuit did not determine, and the findings in that case do not mean, that defendants are liable to anyone, including the plaintiff in this case.  The question of whether or not defendants are liable for Mrs. Denton's lung cancer and death remains an issue for you to decide based on the evidence presented by the parties in this case and the instructions of law I will read to you.

Second, the findings establish only what they expressly state, and you must not speculate about the basis for the findings.

I will discuss some of these *Engle* court findings in the context of plaintiff's claims.

## **INSTRUCTION NO. 12**

The next issues you will consider are whether the defendants' conduct and the defects in cigarettes manufactured by each Defendant were a legal cause of Mrs. Denton's death with respect to plaintiff's claims for negligence, strict product liability, fraudulent concealment, and conspiracy to commit fraudulent concealment.   I will now explain each claim and the relevant findings.

## INSTRUCTION NO. 13

The plaintiff's first claim is for negligence.  I have instructed you that the defendants were negligent.  The issue for your determination on the plaintiff's negligence claim against each defendant is whether the negligent conduct of that defendant was a legal cause of Mrs. Denton's death.  Negligence is a legal cause of death if it directly and in natural and continuous sequence produces or contributes substantially to producing such death, so that it can reasonably be said that, but for the negligence, the death would not have occurred.  In order to be regarded as a legal cause of death, negligence need not be the only cause.  Negligence may be a legal cause of death even though it operates in combination with the act of another, some natural cause, or some other cause if the negligence contributes substantially to producing such death.  If a preponderance of the evidence does not support the plaintiff's negligence claim against a defendant, your verdict on this claim should be for that defendant.  If a preponderance of the evidence does support the plaintiff's negligence claim as to a defendant, then your verdict on this claim should be for the plaintiff and against that defendant.

## INSTRUCTION NO. 14

The plaintiff's second claim is for strict product liability.  I have instructed you that the defendants placed cigarettes on the market that were defective and unreasonably dangerous.   The issue for your determination on the plaintiff's strict liability claim against each defendant is whether the conduct of either defendant was a legal cause of Mrs. Denton's death.  A defect in a product is a legal cause of death if it directly and in natural and continuous sequence produces or contributes substantially to producing such death so it can reasonably be said that, but for the defect in the product, the death would not have occurred.  In order to be regarded as a legal cause of death, the defect in the product need not be the only cause.  A defect in the product may be a legal cause of death even though it operates in combination with the act of another, some natural cause, or some other cause if the defect in the product contributes substantially to producing such death.  If a preponderance of the evidence does not support the plaintiff's strict liability claim against a defendant, your verdict on this claim should be for that defendant.   If a preponderance of the evidence does support the plaintiff's strict liability claim against a defendant, then your verdict on this claim should be for the plaintiff and against that defendant.

usl>yuslusl

## INSTRUCTION NO. 15

The plaintiff's third claim is for fraudulent concealment. I have instructed you that the defendants concealed or omitted material information not otherwise known or available, knowing the material was false or misleading, or failed to disclose a material fact concerning the health effects and/or addictive nature of smoking cigarettes. The issue for your determination on this claim is whether Mrs. Denton relied to her detriment on the concealment or omission of material information concerning the health effects or addictive nature of smoking cigarettes by either Defendant; and if so, whether such reliance was a legal cause of her death.

A material fact is one that is of such importance that Mrs. Denton would not have acted as she did but for the defendants' concealment or omission. Mrs. Denton could have relied upon the truth of the representation even though its falsity could have been discovered had she made an investigation, unless she knew the representation to be false or its falsity was obvious to her.

Mrs. Denton's reliance is a legal cause of death if it directly, and in natural and continuous sequence, produces or contributes substantially to producing such death so that it can reasonably be said that, but for this

21

reliance, the death would not have occurred.  In order to be regarded as a legal cause of death, Mrs. Denton's reliance need not be the only cause.  Mrs. Denton's reliance may be a legal cause of death even though it operated in combination with the act of another, some natural cause, or some other cause if her reliance contributed substantially to producing such death.   If a preponderance of the evidence does not support the plaintiff's fraudulent concealment claim against a defendant, your verdict on this claim should be for that defendant.   If a preponderance of the evidence does support the plaintiff's fraudulent concealment claim against a defendant, then your verdict on this claim should be for the plaintiff and against that defendant.

## INSTRUCTION NO. 16

The plaintiff's fourth claim is for a conspiracy to commit fraudulent concealment.  An agreement between two or more entities to do an unlawful act, such as concealing or omitting material information, is a conspiracy. Each party to a conspiracy is responsible for the acts or omissions of any other party to the conspiracy so long as the acts or omissions were in furtherance of the conspiracy.  I have instructed you that the defendants agreed to conceal or omit information regarding the health effects of cigarettes or their addictive nature with the intention that smokers and the public would rely on this information to their detriment.  The issue for your determination on this claim is whether Mrs. Denton relied to her detriment on an act taken in furtherance of the defendants' agreement to conceal or omit information regarding the health effects or addictive nature of cigarettes, and if so, whether such reliance was a legal cause of Mrs. Denton's death.

Reliance on an act taken in furtherance of an agreement to conceal or omit information regarding the health effects and/or addictive nature of cigarettes is a legal cause of death if it directly and in natural and continuous sequence produces or contributes substantially to producing such death so it can reasonably be said that but for the reliance, the death would not have

23

occurred.  In order to be regarded as a legal cause of death, such reliance need not be the only cause.  Reliance on an act taken in furtherance of an agreement to conceal or omit material information may be a legal cause of death even though it operates in combination with the act of another, some natural cause, or some other cause, if the reliance contributes substantially to producing such death.  If a preponderance of the evidence does not support the plaintiff's conspiracy to commit fraudulent concealment claim against a defendant, your verdict on this claim should be for that defendant. If a preponderance of the evidence does support the plaintiff's conspiracy to commit fraudulent concealment claim against a defendant, then your verdict on this claim should be for the plaintiff and against that defendant.

## INSTRUCTION NO. 17

If your verdict is for the plaintiff on one or more claims against the defendants, you must then consider the extent to which Mrs. Denton's conduct was a legal cause of her death.  The plaintiff has admitted that Mrs. Denton's conduct was a partial legal cause of her lung cancer and death. However, it is the defendants' burden to prove the degree to which Mrs. Denton is at fault.

Allocating a percentage of fault to the plaintiff will not prevent recovery by the plaintiff; it will only reduce the amount of the plaintiff's recovery.  In other words, if you find that Mrs. Denton was, for example, 50% responsible for her own death, then you would fill in that percentage as your finding on the special verdict form that I will explain in a moment.  Such a finding would not prevent the plaintiff from recovering.  The Court will merely reduce the plaintiff's total damages by the percentage that you insert.  Of course, by using the number 50% as an example, I do not mean to suggest to you any specific figure at all.  You might find 1% or 99%.

## INSTRUCTION NO. 18

If your verdict is for the defendants on all claims, you will not consider the matter of damages.  But if a preponderance of the evidence supports any of the plaintiff's claims, you should determine and write on the verdict form, in dollars, the total amount of loss, injury, or damage which a preponderance of the evidence shows Mrs. Denton's survivors sustained as a result of her injury and death, including any damages that the survivors are reasonably certain to incur or experience in the future.

In determining the total amount of any damages sustained by Mrs. Denton's survivors, Plaintiff Robert Denton, Cory Denton, and Robert Denton, Jr., you shall consider certain elements of damage for which there is no exact standard for fixing the compensation to be awarded.  Any such award should be fair and just in light of the evidence regarding the following elements:

The loss by plaintiff Robert Denton of Mrs. Denton's companionship and protection and his mental pain and suffering as a result of Mrs. Denton's injury and death.

The loss by Cory Denton and Robert Denton, Jr. of Mrs. Denton's parental companionship, instruction, and guidance and their mental pain and suffering as a result of Mrs. Denton's injury and death.

26

In determining the duration of such losses, you may consider the joint life expectancy of each individual survivor and Mrs. Denton together with the other evidence in the case.

You have heard evidence that, years after Mrs. Denton's death, Plaintiff Robert Denton remarried.  You may not consider this evidence in considering the amount of damages, if any, that may be awarded to Robert Denton.

In considering the issue of survivors' damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the survivors' damages, no more and no less.  Compensatory damages are not allowed as punishment and must not be imposed or increased to penalize the defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money.  They cover both the mental and physical aspects of injury, tangible and intangible.  Thus, no evidence of the value of such intangible things as pain and suffering, or loss of companionship has been or needed to be introduced.  In that respect, it is not value you are trying to determine, but an amount that will fairly compensate the plaintiff for those

claims of damage.  There is no exact standard to be applied.  Any such award should be fair and just in light of the evidence.

Any damages that you find were sustained by each of Mrs. Denton's survivors shall be separately stated in your verdict.

In determining the total amount of damages, if any, to be awarded to Mr. Denton's survivors as a result of her injury and death, you should not make any reduction because of the responsibility of Mrs. Denton.  The Court will enter a judgment based on your verdict and, to the extent that you find Mrs. Denton was responsible, the Court in entering judgment will reduce the total amount of damages by the percentage of responsibility that you charge to Mrs. Denton.

The Court will also take into account, in entering judgment against any defendant whom you find to have been liable, the percentage of that defendant's liability compared to the total responsibility of all the parties to this action.

## INSTRUCTION NO. 19

There is an additional claim in this case that you must decide.  If you find for the plaintiff and against a defendant on any claim, you must decide whether, in addition to compensatory damages, punitive damages are warranted as punishment to that defendant and as a deterrent to others.

The trial of the punitive damages issue is divided into two parts.  In this first part, you will decide whether the conduct of a defendant is such that punitive damages are warranted.  If you decide that punitive damages are warranted, we will proceed, after you return your verdict in the first part of the trial, to the second part of that issue during which the parties may present additional evidence and argument on the issue of punitive damages.  I will then give you additional instructions, after which you will decide whether, in your discretion, punitive damages will be assessed and, if so, the amount.

Punitive damages are warranted if you find that the plaintiff has proved by clear and convincing evidence that:

(1)    the conduct causing Mrs. Denton's death was so gross and flagrant as to show a reckless disregard of human life or the safety of persons exposed to the effects of such conduct; or

(2)    the conduct showed such an entire lack of care that defendants

must have been consciously indifferent to the consequences; or

(3)     the conduct showed such an entire lack of care that defendants must have wantonly or recklessly disregarded the safety and welfare of the public; or

(4)     the conduct showed such reckless indifference to the rights of others to be equivalent to an intentional violation of those rights.

You may determine that punitive damages are warranted against one defendant and not the other, or against more than one defendant.

"Clear and convincing evidence" differs from the "preponderance of the evidence" in that it is more compelling and persuasive.  As I have already instructed you, "preponderance of the evidence" means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.  In contrast, "clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

If you find for plaintiff and against a defendant and you also find that clear and convincing evidence shows that the conduct of that defendant was a substantial cause of Mrs. Denton's death and that such conduct warrants

punitive damages under the standards I have given you, then in your discretion you may determine punitive damages are warranted against that defendant.

## **INSTRUCTION NO. 20**

For purposes of determining whether the plaintiff is entitled to punitive damages, you may not consider in any way the findings regarding the defendants' conduct from the prior *Engle* lawsuit that I described to you earlier.  The only evidence you may consider on this issue is the evidence presented to you in this trial.

## INSTRUCTION NO. 21

Of course, the fact that I have given you instructions concerning the issue of plaintiff's damages should not be interpreted in any way as an indication that I believe that the plaintiff should, or should not, prevail in this case.  Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict, you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach an agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest belief solely because the others think differently or merely to get the case over with.

Remember that in a very real way you are judges -- judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

## **INSTRUCTION NO. 22**

When you go to the jury room, you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

**[Explain verdict.]**

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note along to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at that time. You may now retire and deliberate upon your verdict.